UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:11cv20013

ZACHARY ZURICH,
a Florida resident,

        Plaintiff,

vs.

NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania corporation

        Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

The Plaintiff, ZACHARY ZURICH (hereinafter the "plaintiff"), by and through undersigned counsel, hereby files this Complaint for damages and sues the Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter "NCO" or "Defendant"), and alleges:

1. This is an action to recover money damages and injunctive relief under the Fair Debt Collection Practices Act.

2. This Court has original jurisdiction pursuant to 15 USC §1692k(d).

3. Plaintiff is a resident of Florida, within the jurisdiction of this Honorable Court and is a "consumer" within the meaning of 15 USC § 1692a(3).

4. Defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO") is a corporation with its principal place of business in Pennsylvania, and is a "debt collector" within the meaning of 15 USC § 1692a(6).

5. The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

## **GENERAL ALLEGATIONS**

6. Defendant NCO sought recovery of an unspecified debt allegedly owed by Plaintiff.

7. To that end, NCO has contacted Plaintiff incessantly.

8. Plaintiff notified NCO via telephone that he does not owe the debt.

9. Plaintiff requested via telephone to NCO to cease collection efforts.

10. Plaintiff requested via telephone to NCO to stop calling him.

11. On September 23, 2010, Plaintiff delivered a letter, a copy of which is attached hereto as **"Exhibit A,"** disputing the validity of the alleged debt and requesting NCO to stop collection efforts.

12. Nonetheless, NCO continued to harass Plaintiff with telephone calls.

13. On November 8, 2010, NCO telephoned Plaintiff at 3:43 p.m.

14. On November 16, 2010, NCO telephoned Plaintiff at 11:48a.m.

15. On November 23, 2010, NCO telephoned Plaintiff at 12:05p.m.

16. On December 3, 2010, NCO telephoned Plaintiff at 1:00p.m.

17. On December 6, 2010, NCO telephoned Plaintiff at 1:06p.m.

18. On December 28, 2010, NCO telephoned Plaintiff at 1:26p.m.

19. On January 3, 2011, NCO telephoned Plaintiff at 12:32p.m.

20. All conditions precedent to bringing this action have occurred, been performed or been excused.

21. Plaintiff has been forced to retain the undersigned law firm and is obligated to pay his counsel a reasonable attorney's fee and court costs for which Plaintiff seeks recovery as provided herein.

## COUNT I: NON-COMPLIANCE OF 15 USC § 1692c
### (ILLEGAL COMMUNICATION IN CONNECTION WITH DEBT COLLECTION)

22. The plaintiff re-states and re-alleges paragraphs 1 through 19 as if set forth in full herein.

23. This Court has jurisdiction pursuant to 15 USC § 1692k(d).

24. Defendant NCO used the prohibited practice of calling Plaintiff after receiving notice in writing that Plaintiff refused to pay a debt and/or that Plaintiff wished the debt collector to cease further communication with Plaintiff.

25. Each phone call that NCO made to Plaintiff after receiving written notice that the Plaintiff refused to pay the alleged debt and/or that Plaintiff wished the debt collector to cease further communication with Plaintiff was a violation of 15 USC §1692(c).

26. As a result of defendant's multiple violations of federal law, Plaintiff has suffered damages.

27. Plaintiff is entitled to attorney fees, pursuant to 15 USC § 1692k(a)(3).

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant for actual damages in an amount to be determined by the jury, punitive damages in an amount to be determined by the jury, attorney fees and costs of suit, and pray for such other and further relief as is just and proper.

## COUNT II: NON-COMPLIANCE OF 15 USC § 1692d
### (HARRASSMENT OR ABUSE OF CONSUMER)

28. The plaintiff re-states and re-alleges paragraphs 1 through 19 as if set forth in full herein.

29. Defendant NCO used the following prohibited practices in an attempt to collect alleged debt from Plaintiff in violation of 15 USC § 1692d by causing a telephone to ring and/or engaging Plaintiff in telephone conversation repeatedly and/or continuously with intent to annoy, abuse, or harass Plaintiff at the called number in violation of 15 USC § 1692d(5).

30. As a result of Defendant's violations of federal law, Plaintiff suffered damages.

31. Plaintiff is entitled to attorney fees and court costs, pursuant to 15 USC § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays for a judgment against the defendant for actual damages in an amount to be determined by the jury, punitive damages in an amount to be determined by the jury, attorney fees and costs of suit, and pray for such other and further relief as is just and proper.

### COUNT III: NON-COMPLIANCE OF 15 USC § 1692g
### (VALIDATION OF DEBTS)

32. The plaintiff re-states and re-alleges paragraphs 1 through 19 as if set forth in full herein.

33. NCO failed to send Plaintiff a written notice as required under 15 USC § 1692g.

34. NCO never verified the alleged debt and continued to seek collection of the alleged debt against Plaintiff in violation of 15 USC § 1692g.

35. As a result of Defendant's violation of federal law, Plaintiff suffered damages.

36. Plaintiff is entitled to attorney fees and court costs, pursuant to 15 USC § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays for a judgment against the defendant for actual damages in an amount to be determined by the jury, punitive damages in an amount to be determined by the jury, attorney fees and costs of suit, and pray for such other and further relief as is just and proper.

### COUNT IV: NON-COMPLIANCE OF §559.72, FLORIDA STATUTES

37. The plaintiff re-states and re-alleges paragraphs 1 through 19 as if set forth in full herein.

38. This is an action for damages pursuant to §559.77, Fla. Stat.

39. This Court has supplemental jurisdiction pursuant to 28 USC Section 1367.

40. NCO violated §559.72(7) by willfully communicating with the Plaintiff with such frequency as to harass the Plaintiff.

41. NCO violated and §559.72(9) by claiming, attempting or threatening to enforce a debt knowing that the debt is not legitimate.

42. As a result of the foregoing violations, Plaintiff has suffered damages.

43. Plaintiff is entitled to attorney fees and costs pursuant to §559.77(2).

**WHEREFORE**, Plaintiff prays for a judgment against the defendant for actual damages in an amount to be determined by the jury, punitive damages in an amount to be determined by the jury, attorney fees and costs of suit, and pray for such other and further relief as is just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Date: January 3, 2011

s/Matthew Estevez
Matthew Estevez, Esq. (Florida Bar Number: 027736)
Email:  mse@mattestevez.com
Matthew Estevez, P.A.
SunTrust Bank Building
777 Brickell Avenue, Suite 1114
Miami, FL  33131
Telephone: (305) 846-9177
Facsimile:  (786) 272-1180
Attorneys for the Plaintiff, Zachary Zurich